IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | |
| | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENN STATE UNIVERSITY, | : | |
| ZHI-CHUN LAI, LI-LUN HO | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

August 13, 2010

**BACKGROUND:**

On January 26, 2010, plaintiff, Yan Yan ("Yan"), commenced the instant

civil action by filing a complaint against defendants Penn State University ("Penn

State"), Zhi-Chun Lai ("Dr. Lai"), and Li-Lun Ho ("Ho"). Yan filed an amended

complaint on May 26, 2010. (Rec. Doc. No. 16). The amended complaint alleges:

Count I: Hostile Educational Environment in Violation of Title IX, 20 U.S.C.

§1681(a); Count II: Retaliation/Discrimination in Violation of 20 U.S.C. §1681(a);

Count III: Violation of the Rehabilitation Act 29 U.S.C. §794; Count IV:

Retaliation in Violation of the First Amendment pursuant to 42 U.S.C. §1983;

Count V: Violation of Equal Protection pursuant to 42 U.S.C. §1983; Count VI:

Violation of Equal Protection pursuant to 42 U.S.C. §1983; and Count VII:

Discrimination on the Basis of National Origin and Race pursuant to 42 U.S.C.

§1983.

On May 28, 2010, defendants filed a Motion to Dismiss (Partially)

Plaintiff's Amended Complaint together with a supporting brief. (Rec. Doc. Nos.

17 and 18). Plaintiffs filed an opposing brief[1] on June 11, 2010. (Rec. Doc. No.

19). Defendants filed a reply brief on June 25, 2010. (Rec. Doc. No. 20). Thus,

the matter is ripe for disposition.

Now, therefore, for the following reasons we will grant the partial motion to

dismiss.

**DISCUSSION:**

**I. Motion to Dismiss Standard**

When considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the court must view all allegations stated in the complaint as

true and construe all inferences in the light most favorable to plaintiff. Hishon v.

King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183

(3d Cir. 1993). "The tenet that a court must accept as true all of the [factual]

---

[1]Although plaintiff titled this a "reply" brief, this is actually an "opposing"
brief.

allegations contained in the complaint is inapplicable to legal conclusions."

Ashcroft v. Iqbal, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations

omitted). In ruling on such a motion, the court primarily considers the allegations

of the pleading, but is not required to consider legal conclusions alleged in the

complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Iqbal, __ U.S. at

*29. At the motion to dismiss stage, the court considers whether plaintiff is

entitled to offer evidence to support the allegations in the complaint. Maio v.

Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the

allegations in the complaint, plaintiff has not pled enough facts to state a claim to

relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,

1960 (2007). "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." Iqbal, __ U.S. at *30. In considering a

Rule 12(b)(6) motion, we must be mindful that federal courts require notice

pleading, as opposed to the heightened standard of fact pleading. Hellmann v.

Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil

Procedure 8 "requires only a short and plain statement of the claim showing that

the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, __ U.S. at *29, citing Fed. R. Civ. P. 8(a).      The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

## II. Allegations in the Complaint

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. <u>Kost</u>, 1 F.3d at 183. Accepting as true all of the factual allegations in the complaint, the facts are as follows.

Yan Yan is a female student from China, residing in the United States pursuant to a student visa. Yan was a Ph.D. candidate at Penn State. The Ph.D. program was to be completed between June 18, 2007 and May 31, 2012. Yan was also awarded a graduate assistantship which helped to cover tuition and her livelihood. Dr. Lai was Yan's thesis advisor. Yan was supposed to sit for her comprehensive exam at some point during the summer of 2008.

Ho, a Taiwanese male, was the senior lab member in the Ph.D. program.

Ho controlled the lab supplies, managed the lab equipment, and managed the undergraduates who used the lab. Yan alleges that Ho had the power to control or affect how she could use the lab resources and conduct her experiments. Yan asserts that when she started working in the lab in the summer of 2007, Ho immediately began to harass her.

Ho would provide negative evaluations of Yan. Ho advised Yan not to communicate with Dr. Lai because Yan is a woman. Ho told Yan that he did not want her in the lab because she is a woman. Ho would interfere in Yan's research. Ho indicated that he felt prejudice against women in Yan's position.

On January 26, 2008, Yan needed to move a heavy $CO_2$ cylinder. Ho refused to help and impeded Yan's efforts. Consequently, the heavy cylinder fell on Yan's hand and broke two of her fingers. Yan reported the injuries to Penn State and filed a workers compensation claim. The injuries were to Yan's right hand, which significantly impaired her research and teaching assistant work.

On February 21, 2008, Yan complained about Ho to the University police. An administrative directive was issued directing Yan and Ho to have no contact with each other.

Yan advised Dr. Lai about Ho's harassment, that Ho did not like to work

with women and told him that she reported Ho to the University police.   Dr. Lai
intimated to Yan that if she reported Ho to HR, there would be trouble for her.
After this, Dr. Lai scheduled Yan's comprehensive exam for May 1, 2008.  Yan
protested his scheduling the exam for this date because her hand injury had set her
research back, and because Ho and Dr. Lai began giving her difficulty in securing
resources for her work.

A panel gathered to judge Yan's progress failed her.  Yan believed that
others had been given a second opportunity to take the exam, and that she should
have been given a second opportunity as well.  Yan appealed to the University to
set aside the failure.

In August 2008, Dr. Eva Pell, the Dean of the Graduate School, reversed Dr.
Lai's decision to exclude Yan from the program.  The exam was rescheduled for
August 15, 2008.  Yan had 15 days to prepare for the exam.  Yan was unable to
take the exam a second time.  Yan has been excluded from the Ph.D. program by
the University

## III.  Analysis

1.  Count III: Violation of the Rehabilitation Act 29 U.S.C. § 794

Defendants argue that Count III fails to state a claim as a matter of law because a temporary impairment does not constitute a disability. Plaintiff argues that defendants demand a more stringent burden than required of plaintiff at the motion to dismiss stage of the proceedings.

The Rehabilitation Act states, in relevant part,:

> No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 U.S.C. §705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . .

29 U.S.C. §794(a).

> The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et. seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

19 U.S.C. §794(d).

> (A) In general. Except as otherwise provided in subparagraph (B), the term "individual with a disability" means any individual who --
>> (I) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and
>> (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to

8

subchapter I, III, or VI of this title.

(B) Certain programs; limitations on major life activities. Subject to subparagraphs (C), (D), (E) and (F), the term "individual with a disability" means, for purposes of sections 701, 711 and 712 of this title and subchapters II, IV, V and VII of this chapter, any person who –

(I) has a physical or mental impairment which substantially limits one or more of such person's major life activities;

(ii) has a record of such an impairment; or

(iii) is regarded as having such an impairment.

19 U.S.C. §705(20)[2]

The disability Yan alleges is two broken fingers on her predominant hand. Defendants argue that the disability was merely temporary, thereby not qualifying as a disability under the Rehabilitation Act so that this count should be dismissed. Plaintiff counters that she merely needs to plead that she is an individual with a disability.

"Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." McDonald v. Commonwealth of Pennsylvania, 62 F.3d 92, 95 (3d Cir. 1995) (citing 29 C.F.R. pt. 1630 app.). "Such limitations may include. . . broken limbs." Id, (see also Stiles v. Synchronoss Techs., Inc., 2008 U.S. Dist. LEXIS 61565, *11 (M.D. Pa. August 12, 2008) (Golden, J.). Because Yan's two broken fingers were non-chronic short-

---

[2]Statutory text in effect at the time of the events in question.

term injuries, Yan has not pled in the complaint that she was an individual with a disability; thus, Count III of the amended complaint will be dismissed.

2. Counts V and VI: Violation of Equal Protection; 42 U.S.C. § 1983 and Count VII: Discrimination on the Basis of National Origin and Race; 42 U.S.C. § 1983

Defendants argue that Counts V, VI and VII fail to state a claim as a matter of law because plaintiff failed to show that she was treated differently than other, similarly situated, individuals, and that any allegations in the complaint that she was treated differently are not allegations of fact, but merely legal conclusions. Defendants also argue that Counts V and VI fail to state a claim because class-of-one claims against discretionary decision makers are not cognizable. Finally, defendants argue that to the extent Count VII attempts to assert a First Amendment claim, Count VII is redundant to count IV.

Plaintiff argues that her complaint sufficiently pleads a class-of-one claim. Plaintiff further argues that her discrimination claims are not merely legal conclusions, but are direct evidence of discriminatory treatment based on gender and race. Finally, plaintiff argues that Count VI is not redundant to Count IV, stating that it is not a First Amendment retaliation claim, rather an Equal Protection claim.

The Equal Protection Clause of the Fourteenth Amendment directs that

all similarly situated individuals be treated alike. Two theories exist upon which a plaintiff may predicate an equal protection claim: the traditional theory and the class-of-one theory. The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as race. To assert a protected class claim, the plaintiff must demonstrate that (1) he or she is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently. Under this theory a plaintiff must prove the existence of purposeful discrimination by defendants.

In contrast, under the class-of-one theory, a plaintiff may advance an equal protection claim absent membership in a protected class if the plaintiff shows irrational and intentional differential treatment when compared with similarly situated individuals. This theory allows a plaintiff to assert an equal protection claim regardless of protected class when the government irrationally treats the plaintiff differently than similarly situated individuals. To assert a class-of-one claim, [plaintiff] must demonstrate that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.

D'Altilio v Dover Tp., 2009 WL 2948525, *4 (September 14, 2009) (Conner, J.).

As an initial matter, Count VI is an Equal Protection claim alleging that Penn State failed to accommodate Yan based on her disability.[3] "Nothing in the United States Constitution requires and employer to accommodate a disabled persons condition." Matteson v. Ohio State Univ., 2000 U.S. Dist. LEXIS 20424, *20 (S.D. Ohio September 26, 2000) (Marbley, J.), quoting Welsh v. City of Tulsa,

---

[3]We do not agree with defendants' categorization of this claim as a duplicate First Amendment claim. It seems clear to the court that this is an Equal Protection claim (albeit unsuccessful).

977 F.2d 1415, 1420 (10th Cir. 1992). Yan's failure to accommodate claim cannot be brought through Equal Protection channels. Therefore, Count VI will be dismissed.

Plaintiff's complaint alleges violations of Equal Protection based on membership in protected classes (specifically gender, national origin and race); however, her brief argues that she has stated a claim based on the class-of-one theory. A "class-of-one" claim is predicated on the notion that a plaintiff was treated differently by the government, not based on membership in a protected class, but simply arbitrarily. So although the complaint asserts that her Equal Protection claims are based on gender, national origin and race, her brief indicates that she intended the claims to be class-of-one.

The parties agree that Engquist v. Oregon Dept. Of Ag. precludes Yan from bringing her Equal Protection class-of-one claim based in the public employment context. 553 U.S. 591, 988, 128 S.C. 2146. 170 L. Ed. 2d 975 (2008). Therefore, plaintiff's Equal Protection claims based on a class-of-one theory in the context of her employment will be dismissed. However, the parties disagree about whether or not Engquist then prohibits her class-of-one claim in the graduate student context. Whether or not a plaintiff can bring a class-of-one claim in the graduate student context is an issue of first impression in this circuit. Today we hold that the class-

of-one claim brought by Yan against defendants for expelling her from the Ph. D. program is not actionable.

In Engquist v. Oregon Dep't of Agriculture, the Supreme Court held that the class-of-one theory of equal protection does not apply in the public employment context.  553 U.S. 591; 128 S. Ct. 2146; 170 L. Ed. 2d 975 (2008).  Anup Engquist sued her public employer for constructive discharge based on, inter alia, a class-of-one equal protection claim.  "When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being "treated alike, under like circumstances and conditions."  Id, at 2152.  "Thus, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a rational basis for the difference in treatment. Id. (internal citations and quotations omitted.)

"[T]he government as employer indeed has far broader powers than does the government as sovereign."  Id, at 2149 (internal citations and quotations omitted.) "[G]overnment offices could not function if every employment decision became a constitutional matter."  Id, at 2151.  "[C]onstitutional review of government employment decisions must rest on different principles than review of restraints

imposed by the government as sovereign." Id. (Internal citations omitted.)

What has been significant in class-one-of cases "was the existence of a clear standard against which departures, even for a single plaintiff, could readily be assessed" as opposed to state action "which by [its] very nature involve[s] discretionary decisionmaking based on a vast array of subjective, individualized assessments." Id, at 2152-2153. For example, a proper class of one claim was brought in Village of Willowbrook v. Olech. 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam). In Olech, a class-of-one claim was properly brought because the village required plaintiff, for arbitrary reasons, to have a 33-foot easement for her water connection when the village only required a 15-foot easement for other property owners. Id.

"There are some forms of state action, however, which by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." Engquist, 128 S. Ct. At 2153. "It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized." Id, at 2153. In the employment context, this principle clearly applies "for employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." Id.

Thus, the class-of-one theory of equal protection – which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review – is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action.

Id.

In a case similar to the instant matter, the Seventh Circuit held that the rationale of Engquist applied to a student's class-of-one Equal Protection claim for expulsion from optometry school. Bissessur v. Indiana Univ. Bd. of Trustees, 2008 U.S. Dist. LEXIS 69299; 2008 WL 4274451 (S. D. Ind. September 10, 2008) (Barker, J.), aff'd 581 F.3d 599 (7th Cir. 2009). That court stated that "[t]he Supreme Court's rationale in Engquist effectively forecloses his claim. . . [i]n light of the Supreme Court's recent limitation on the availability of class of one claims in the context of discretionary decision making." Id, at *27.

We agree with the Southern District of Indiana and hold that the class-of-one claim brought by Yan against defendants for expelling her from the Ph. D. program is not actionable. Counts V and VII will be dismissed.

**CONCLUSION:**

Defendants' partial motion to dismiss will be granted in full.  Because Yan

did not plead that she was an individual with a disability, Count III of her amended

complaint will be dismissed.   Count VI will be dismissed because a plaintiff can

not plead failure to accommodate under the Equal Protection clause.   Yan's

Equal Protection claims based on a class-of-one theory in both the employment

context and graduate student context will be dismissed.


      <u>s/ James F. McClure, Jr.</u>
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAN YAN,                              :
                                      :     Case No. 4:10-CV-00212
          Plaintiff,                  :
                                      :
     v.                               :     (Judge McClure)
                                      :
PENN STATE UNIVERSITY,                :
ZHI-CHUN LAI, LI-LUN HO               :
                                      :
          Defendants.                 :

## ORDER

August 13, 2010

## NOW, THEREFORE, IN ACCORDANCE WITH THE

## ACCOMPANYING MEMORANDUM IT IS HEREBY ORDERED THAT:

1. Defendants' Partial Motion to Dismiss is GRANTED. (Rec. Doc. No. 17).

2. Counts III, V, VI and VII of the amended complaint are dismissed.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge