IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | |
| | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENN STATE UNIVERSITY, | : | |
| ZHI-CHUN LAI, LI-LUN HO | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

December 7, 2010

**BACKGROUND:**

On January 26, 2010, plaintiff, Yan Yan ("Yan"), commenced the instant civil action by filing a complaint against defendants Penn State University ("Penn State"), Zhi-Chun Lai ("Dr. Lai"), and Li-Lun Ho ("Ho"). Yan filed an amended complaint on May 26, 2010. (Rec. Doc. No. 16). The amended complaint alleges: Count I: Hostile Educational Environment in Violation of Title IX, 20 U.S.C. §1681(a); Count II: Retaliation/Discrimination in Violation of 20 U.S.C. §1681(a); Count III: Violation of the Rehabilitation Act 29 U.S.C. §794; Count IV: Retaliation in Violation of the First Amendment pursuant to 42 U.S.C. §1983; Count V: Violation of Equal Protection pursuant to 42 U.S.C. §1983; Count VI:

1

Violation of Equal Protection pursuant to 42 U.S.C. §1983; and Count VII: Discrimination on the Basis of National Origin and Race pursuant to 42 U.S.C. §1983.

On May 28, 2010, defendants filed a Motion to Dismiss (Partially) Plaintiff's Amended Complaint, which was granted by this court on August 13, 2010. On August 25, 2010, plaintiff filed a Motion for Reconsideration. (Rec. Doc. No. 22). Plaintiff filed her supporting brief on September 3, 2010. (Rec. Doc. No. 23). On September 10, 2010, defendants filed their opposing brief. (Rec. Doc. No. 24). On September 24, 2010, plaintiff filed her reply brief. (Rec. Doc. No. 25). Thus, the matter is ripe for disposition.

Now, therefore, for the following reasons we will grant the motion for reconsideration, and Count V will remain as an allegation of the traditional theory of Equal Protection.

**DISCUSSION:**

### I.  Motion for Reconsideration

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds

prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff filed her motion requesting that we reconsider our dismissal of Count V of plaintiff's amended complaint. Count V of plaintiff's complaint is an Equal Protection claim based on gender. Count V seems to allege the traditional theory of Equal Protection[1] as it asserts that she was treated differently because of her gender, i.e. the protected class to which she belongs. Section B of plaintiff's brief opposing defendants' motion for partial dismissal of plaintiff's amended complaint argues that her equal protection class-of-one claim is viable in the university context. Section C of plaintiff's brief argues that the facts she pled are

---

[1] Two theories exist upon which a plaintiff may predicate an equal protection claim: the traditional theory and the class-of-one theory. The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as race. To assert a protected class claim, the plaintiff must demonstrate that (1) he or she is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently. Under this theory a plaintiff must prove the existence of purposeful discrimination by defendants.

In contrast, under the class-of-one theory, a plaintiff may advance an equal protection claim absent membership in a protected class if the plaintiff shows irrational and intentional differential treatment when compared with similarly situated individuals. This theory allows a plaintiff to assert an equal protection claim regardless of protected class when the government irrationally treats the plaintiff differently than similarly situated individuals. To assert a class-of-one claim, [plaintiff] must demonstrate that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.
D'Altilio v Dover Tp., 2009 WL 2948525, *4 (September 14, 2009) (Conner, J.).

sufficient to form the basis of an equal protection claim. The court believed then, that section B was narrowing her claims to the class-of-one theory and that section C was illustrating the facts in the complaint that support her claims.

Plaintiff's motion for reconsideration argues that section C of her brief was intended to substantiate the traditional theory of Equal Protection. The court read that section many, many times before rendering its decision. The court had misunderstood this section of plaintiff's brief to be an argument that she had "pled enough facts to state a claim to relief that is plausible on its face" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007) sufficient to survive a motion to dismiss. Clearly, this is a situation in which a motion for reconsideration is appropriate because the court has "patently misunderstood a party. . . or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)).

Because plaintiff's motion for reconsideration only requests reconsideration of Count V of the complaint, we will only address Count V in the instant memorandum and order.

## II. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, __ U.S. at *29. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, __ U.S. at *30. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, __ U.S. at *29, citing Fed. R. Civ. P. 8(a).     The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with

needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

### III. Allegations in the Complaint

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __ , 2009 U.S. Lexis 3472, *29 (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. Accepting as true all of the factual allegations in the complaint, the facts are as follows.

Yan Yan is a female student from China, residing in the United States

8

pursuant to a student visa. Yan was a Ph.D. candidate at Penn State. The Ph.D. program was to be completed between June 18, 2007 and May 31, 2012. Yan was also awarded a graduate assistantship which helped to cover tuition and her livelihood. Dr. Lai was Yan's thesis advisor. Yan was supposed to sit for her comprehensive exam at some point during the summer of 2008.

Ho, a Taiwanese male, was the senior lab member in the Ph.D. program. Ho controlled the lab supplies, managed the lab equipment, and managed the undergraduates who used the lab. Yan alleges that Ho had the power to control or affect how she could use the lab resources and conduct her experiments. Yan asserts that when she started working in the lab in the summer of 2007, Ho immediately began to harass her.

Ho would provide negative evaluations of Yan. Ho advised Yan not to communicate with Dr. Lai because Yan is a woman. Ho told Yan that he did not want her in the lab because she is a woman. Ho would interfere in Yan's research. Ho indicated that he felt prejudice against women in Yan's position.

On January 26, 2008, Yan needed to move a heavy $CO_2$ cylinder. Ho refused to help and impeded Yan's efforts. Consequently, the heavy cylinder fell on Yan's hand and broke two of her fingers. Yan reported the injuries to Penn State and filed a workers compensation claim. The injuries were to Yan's right

9

hand, which significantly impaired her research and teaching assistant work.

On February 21, 2008, Yan complained about Ho to the University police. An administrative directive was issued directing Yan and Ho to have no contact with each other.

Yan advised Dr. Lai about Ho's harassment, that Ho did not like to work with women and told him that she reported Ho to the University police. Dr. Lai intimated to Yan that if she reported Ho to HR, there would be trouble for her. After this, Dr. Lai scheduled Yan's comprehensive exam for May 1, 2008. Yan protested his scheduling the exam for this date because her hand injury had set her research back, and because Ho and Dr. Lai began giving her difficulty in securing resources for her work.

A panel gathered to judge Yan's progress failed her. Yan believed that others had been given a second opportunity to take the exam, and that she should have been given a second opportunity as well. Yan appealed to the University to set aside the failure.

In August 2008, Dr. Eva Pell, the Dean of the Graduate School, reversed Dr. Lai's decision to exclude Yan from the program. The exam was rescheduled for August 15, 2008. Yan had 15 days to prepare for the exam. Yan was unable to

take the exam a second time. Yan has been excluded from the Ph.D. program by the University

## IV. Analysis of Count V: Violation of § 1983/Violation of Equal Protection

Defendants argue that Count V fails to state a claim as a matter of law because Yan failed to allege that similarly situated males were treated differently. Plaintiff argues that she set forth sufficient facts to plead her claim; she asserts that her complaint does indicate that there were similarly situated individuals who were treated differently.

In order for plaintiff to prevail under § 1983 she must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). To establish a § 1983 action against an [i]ndividual [d]efendant, [p]laintiff must show that the [d]efendant personally acted under color of law to cause, or had actual knowledge of an acquiesced in, an alleged intentional deprivation of a constitutionally-protected interest." Livingston v. Borough of Edgewood, 2010 U.S. Dist LEXIS 115787, 49-50, 2010 WL 4512588 (W.D. Pa. Nov. 1, 2010) (Lenihan, M.J.), see also Hafer v. Melo 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

The Equal Protection Clause of the Fourteenth Amendment provides that the State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This declaration "is essentially a direction that all persons similarly situated should be treated alike." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005).

> The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as race. To assert a protected class claim, the plaintiff must demonstrate that (1) he or she is a member of a protected class and (2) the government treated similarly situated individuals outside of the protected class differently. Under this theory a plaintiff must prove the existence of purposeful discrimination by defendants.

D'Altilio v Dover Tp., 2009 WL 2948525, *4 (September 14, 2009) (Conner, J.).

Plaintiff's amended complaint alleges that gender is the protected class. "Classifcations based on gender fall within that narrow category of protected classes." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 350 (1993). Plaintiff's amended complaint also alleges that Ho, Dr. Lai and university officials treated her differently than others in her graduate degree program because she was a woman. Her complaint alleges that Ho treated her differently because she was a woman and that Dr. Lai had knowledge of Ho's treatment of Yan, and acquiesced in it. She also alleged that other students were permitted to retake the comprehensive exam, but she was not.

Defendants argue that plaintiff did not allege that similarly situated individuals outside of her protected class were treated differently. However, plaintiff did allege that others were permitted to retake their exams. Although plaintiff's allegation does not specify which males were given this opportunity, the court believes that this alleged fact requires discovery. For the time being, she has alleged sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See Twombly, 127 S.Ct. at 1965. Thus, the claim survives a motion to dismiss.

**CONCLUSION:**

Plaintiff's motion for reconsideration is granted. Count V of her complaint remains as an allegation of the traditional theory of Equal Protection.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | |
| | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENN STATE UNIVERSITY, | : | |
| ZHI-CHUN LAI, LI-LUN HO | : | |
| | : | |
| Defendants. | : | |

**ORDER**

December 7, 2010

**NOW, THEREFORE, IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Reconsider a Portion of the Order Dated August 13, 2010 is GRANTED.

2. Insofar as Count V of plaintiff's amended complaint is based on the traditional, gender class based theory of Equal Protection the claim survives defendants' motion to dismiss.

  s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.
United States District Judge
