<u>Attorney for Plaintiff</u>:
David M. Koller, Esquire
davidk@kollerlawfirm.com
2043 Locust Street, Suite IB
Philadelphia, PA, 19103
(215) 545-8917

<u>Attorneys for Defendants</u>:
Katherine M. Allen, Esquire
kmallen@mqblaw.com
811 University Drive
State College, PA 16801
(814) 238-4926

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| v. | : | Judge John E. Jones, III |
| | : | |
| PENN STATE UNIVERSITY, ZHI-CHUN LAI, and LI-LUN HO, | : | Complaint filed:  1/26/2010 |
| | : | Amended Complaint filed: 5/26/10 |
| | : | 2nd Amend. Complaint filed: 1/14/2011 |
| Defendants. | : | |
| | : | *Electronically Filed* |

**<u>JOINT CASE MANAGEMENT PLAN</u>**

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:

By plaintiff:

## I. FACTS

In June 2007, Yan was admitted as a PhD candidate to the Cell and Developmental Biology ("CDB") program at Penn State. As part of the program, Yan would conduct her research in Defendant Dr. Lai's laboratory, where Defendant Ho was the senior lab member.

Soon after Yan began her research in summer of 2007, Defendant Ho began harassing, belittling, and intimidating Yan. He controlled the lab supplies Yan used for her experiments; interfered with or disrupted Yan's research samples; and provided her negative performance evaluations after she declined to work on his research assignments. He also told her he did not like women in his lab, and that Dr. Lai would not have time for her because she was a woman.

After six months of Defendant Ho's harassment, in January 2008, Yan was seriously injured in the lab. While moving a heavy carbon dioxide cylinder around the lab, Defendant Ho actively impeded Yan's efforts, taunting her and blocking her way. As a result, the cylinder fell on Yan's hand, breaking to fingers on her right, and dominant, hand.

Due to her injury, Yan's research was significantly delayed. Further, Defendant Ho's continued his harassment, grabbing items from Yan's left hand she was using in her experiments, and throwing away her research samples.

Yan reported Ho to the Campus Police. The University's Office of Judicial Affairs conducted a perfunctory "investigation" and issued a directive to both Ho and Yan, in essence blaming Yan for the hostile lab environment created by Defendant Ho.

Thereafter, Yan advised Defendant Lai of Defendant Ho's conduct. Dr. Lai retaliated against Yan. Dr. Lai threatened Yan, and told her not to report Defendant Ho to Human Resources. Shortly after this, Dr. Lai moved up Yan's comprehensive exam, which was, according to her agreement with Dr. Lai, was to be during the "summer of 2008". On April 1, 2008, Dr. Lai announced that Yan's exam was scheduled for May 1, 2008. He did this knowing that Yan's research had been delayed as a result of her hand injury. Yan protested and asked that the exam be researched for the summer, per her agreement. Dr. Lai denied her requests.

Clearly, as a result of the harassment and her hand injury, Yan was unable to fully prepare. She failed the May 1, 2008 exam. On May 2, 2008, Dr. Lai terminated Yan and barred her from the lab. Yan pursued the internal appeals process at the University.

Yan spent the summer of 2008 appealing Dr. Lai's and the CBD's decision to terminate her PhD candidacy. Eventually, in August, Dr. Eva Pell reversed Dr. Lai's decision. However, Dr. Pell scheduled Yan's exam for August 15, 2008, giving Yan only two (2) weeks to prepare. Yan had been excluded from the lab since May 2, 2008, and thus unable to complete her research and fully prepare for the exam. Dr. Pell knew this, and the "opportunity" she gave Yan was one in name only.

Yan protested this charade by boycotting the second exam. Predictably, the University failed her, and she has been excluded from the PhD program by the University since.

## II. LEGAL CLAIMS

1. Violation of Title IX of the Education Amendments – Hostile Educational Environment
2. Violation of Title IX of the Education Amendments – Retaliation
3. Violation of 42 U.S.C. § 1983 – First Amendment Deprivation
4. Violation of 42 U.S.C. § 1983 – Equal Protection Violation

By defendant(s):

**Ms. Yan is a former graduate student in the Cell and Developmental Biology ("CDB") program at Defendant, The Pennsylvania State University ("Penn State"). Defendant Zhi-Chun Lai was Ms. Yan's advisor in the CDB program and Defendant Li-Lun Ho was a graduate student in the CDB program who worked in Dr. Lai's lab. Ms. Yan began her work in Dr. Lai's lab in June 2007 after signing a written document outlining agreed-upon terms for her CDB graduate program. Ms. Yan took her first CDB comprehensive exam on May 1, 2008. The comprehensive exam committee failed Ms. Yan and did not recommend that she retake the comprehensive exam. Ms. Yan appealed the decision to the Dean of the Graduate School. Based on the timing of the first exam, the Dean determined that Ms. Yan should have another opportunity to take her comprehensive exam. Ms. Yan did not attend her second scheduled comprehensive exam and was terminated from the CDB graduate program.**

**Ms. Yan has raised Title IX claims against Penn State, alleging that Dr. Ho subjected her to a hostile environment based on her gender**

**and Dr. Lai retaliated against her for complaining about it. Ms. Yan also raises claims of gender discrimination and retaliation for protected conduct under the First Amendment and the Equal Protection Clause. Defendants contend that Ms. Yan's claims have no merit and that all of their decisions and actions are based on legitimate, non-discriminatory and non-retaliatory reasons.**

1.2   The facts the parties <u>dispute</u> are as follows:

> **1.2.1  Did the actions of Dr. Ho create a hostile educational environment based on gender for Ms. Yan?**
>
> **1.2.2  Did Penn State react reasonably to any known hostile educational environment based on gender against Ms. Yan?**
>
> **1.2.3  Did Dr. Lai or Penn State make decisions regarding Ms. Yan's participation in the CDB graduate program because of her gender?**
>
> **1.2.4  Did Dr. Lai or Penn State make decisions regarding Ms. Yan's participation in the CDB graduate program in retaliation for protected conduct by Ms. Yan?**
>
> **1.2.5  Would Defendants have made the same decisions and taken the same actions whether or not Ms. Yan engaged in protected conduct?**

<u>agree</u> upon are as follows:

> **1.2.6  Beginning in June 2007, Ms. Yan was a graduate student in the CDB program at Penn State.**
>
> **1.2.7  Ms. Yan did not pass her comprehensive exam taken on May 1, 2008.**
>
> **1.2.8  Ms. Yan did not appear for her comprehensive exam scheduled on August 15, 2008.**
>
> **1.2.9  Penn State terminated Ms. Yan from the CDB graduate**

          program in August 2008 after she did not appear for her comprehensive exam scheduled on August 15, 2008.

1.3    The legal issues the parties <u>dispute</u> are as follows:

    **1.3.1 Was Penn State deliberately indifferent to any known hostile educational environment based on gender against Ms. Yan?**

    **1.3.2 Did Ms. Yan engage in protected conduct sufficient to support a retaliation claim under Title IX or the First Amendment?**

    **1.3.3 Was there a causal relationship between any protected conduct by Ms. Yan and materially adverse actions taken by Defendants?**

    **1.3.4 Are the individual Defendants state actors?**

    **1.3.5 Were Ms. Yan's rights under the First Amendment or the Equal Protection Clause violated as a result of any Penn State policy or custom?**

    agree upon are as follows:

    **1.3.6 Jurisdiction and venue are proper in the United States District Court for the Middle District of Pennsylvania.**

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    **None known.**

1.5    Identify any named parties that have not yet been served:

    **None known.**

1.6    Identify any additional parties that:

    plaintiff(s) intends to join:

**None known at this time.**

defendant(s) intends to join:

**None known at this time.**

1.7   Identify any additional claims that:

plaintiff(s) intends to add:

**None at this time.**

defendant(s) intends to add:

**None known at this time.**

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Yan Yan</u> | Plaintiff/ Former CDB Graduate and PhD Student |
| <u>Dr. Hong Ma</u> | Prof. and Dean of Life Sciences |
| <u>Dr. Hui-Ling Chiang</u> | Dept. of Cellular and Molecular Physiology |
| <u>Dr. Zhi-Chun Lai</u> | Chair, CDB Program and Yan's |

| | |
|---|---|
| | Former PhD Advisor |
| Li-Lun Ho | Fellow Student (with Yan) of CDB Program |
| Eva Pell | VP for Research and Dean of Graduate School |
| Dr. Wang Yan-Min | Yan PhD Committee Member |
| Mark Wardell | Associate Dean of Graduate student Affairs |
| Stephanie Brooks | Penn State Police Officer |
| Karen Feldbaum | Associate Dean of the Office of Judicial Affairs |
| Xiaomu Wei | Fellow student (with Yan) in Dr. Lai's lab |

Disclosed by Defendants:

| Name | Title/Position |
|---|---|
| Zhi-Chun Lai | Chair, CDB Program and former advisor to Ms. Yan |
| Li-Lun Ho | Graduate of CDB Program |
| Eva Pell | Former Senior Vice President for Research and Dean of the Graduate School |
| Mark Wardell | Former Associate Dean of Graduate Student Affairs and Former Director, Office of Postdoctoral Affairs |
| Dr. Hong Ma | Former Chair of the CDB Program |

Members of Yan's 2008 comprehensive exam committee

    Stephanie Brooks  Penn State Police Officer

    Karen Feldbaum   Associate Dean of the Office of Judicial Affairs

    Kenneth Lehrman  Vice Provost of Affirmative Action

    Carmen Borges    Human Resources Specialist

    Xiaomu Wei      Graduate student in Dr. Lai's lab

**3.0**    **Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| **Motion for Summary Judgment** | **Defendants** | **May 1, 2012** |

**4.0**    **Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):

    **Plaintiff has not yet served its first discovery requests on Defendants. Plaintiff's counsel is currently in the process of having Plaintiff complete answers to Defendants' first set of Interrogatories and Requests for Production of Documents.**

    By defendant(s):

    **Defendants have served a first set of Interrogatories and Requests for Production of Documents on Plaintiff.  Defendants have given**

**Ms. Yan several extensions of time to respond in light of the scheduled mediation.**

4.2  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**Plaintiff intends to take the depositions of Defendant Lai, Defendant Ho, Dr. Eva Pell, Dr. Ma, Mark Waddell, and various members of Yan's PhD committee.**

**Defendants intend to take the depositions of Ms. Yan, her spouse and any other individuals with information relevant to the allegations in Plaintiff's Second Amended Complaint. Defendants will also seek releases from Ms. Yan in order to subpoena her medical and mental health records.**

4.3  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None known at this time.**

4.4  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**Defendants request that the parties agree upon a confidentiality order to protect the privacy interests of students and employees.**

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1  depositions (excluding experts) to be taken by:

        plaintiff(s): 10        defendant(s):  10

    4.5.2  interrogatories to be served by:

        plaintiff(s):  30        defendant(s):  30

    4.5.3  document production requests to be served by:

        plaintiff(s):  30        defendant(s):  30

    4.5.4  requests for admission to be served by:

        plaintiff(s):  30        defendant(s):  30

4.6    Discovery of Electronically Stored Information

**Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

## 5.0    Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0    Scheduling**

    6.1    Final date for joining additional parties:

        November 1, 2011          Plaintiff(s)

        December 1, 2011          Defendants(s)

    6.2    Final date for amending pleadings:

        November 1, 2011          Plaintiff(s)

        December 1, 2011          Defendants(s)

    6.3    All fact discovery commenced in time to be completed by:
        March 30, 2012

    6.4    All potentially dispositive motions should be filed by:
        May 1, 2012

    6.5    Reports from retained experts due:

        from plaintiff(s) by  April 1, 2012

        from defendant(s) by  May 15, 2012

    6.6    Supplementations due:
        From plaintiff by  June 1, 2012
        From defendants by  July 15, 2012

    6.7    All expert discovery commenced in time to be completed by:

        August 1, 2012

    6.8    This case may be appropriate for trial in approximately:

        __ 240 Days from the filing of the action in this court

  ___ 365 Days from the filing of the action in this court

   950*  Days from the filing of the action in this court
  (*Original Complaint filed 1/26/2010)

6.9 Suggested Date for the final Pretrial Conference:

August 1, 2012

6.10 Trial

  6.10.1 Suggested Date for Trial:

September 2012

## 7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

David M. Koller, Esquire
davidk@kollerlawfirm.com
2043 Locust Street, Suite IB
Philadelphia, PA, 19103
(215) 545-8917

For Defendants:

Cynthia A. Baldwin
Vice President and General Counsel
The Pennsylvania State University

Katherine M. Allen, Esquire
kmallen@mqblaw.com
McQuaide Blasko, Inc.
811 University Drive
State College, PA  16801

(814) 238-4926

**8.0 Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

           ADR procedure:  **Court-ordered mediation.**

           Date ADR commenced:  **August 29, 2011.**
           Date ADR completed:  **September 27, 2011.**

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0**    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
__ Y  X  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

           ___ Scranton/Wilkes-Barre

           ___ Harrisburg

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0  Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:  November 16, 2011     By:  s/David M. Koller
                                   David M. Koller, Esquire
                                   2043 Locust Street, Suite IB
                                   Philadelphia, PA, 19103
                                   (215) 545-8917
                                   Email: davidk@kollerlawfirm.com
                                   ☒ ECF User(s)
                                   ☐ Waiver requested (as separate document)
                                   ☐ Fed.R.Civ.P. 7.1 (statement filed if necessary)*
                                   Attorney for Plaintiff


Dated:  November 16, 2011     By:  s/Katherine M. Allen
                                   Katherine M. Allen, Esquire
                                   McQuaide Blasko, Inc.
                                   811 University Drive
                                   State College, PA  16801
                                   T: (814) 238-4926

       F:  (814) 238-9624
       Email:  kmallen@mqblaw.com
       ☒ ECF User(s)
       ☐ Waiver requested (as separate document)
       ☐ Fed.R.Civ.P. 7.1 (statement filed if necessary)*
       Attorney for Defendants


* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.