IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| v. | : | Judge John E. Jones, III |
| | : | |
| PENN STATE UNIVERSITY, ZHI-CHUN LAI, and LI-LUN HO, | : | Complaint filed: 1/26/2010 |
| | : | Amended Complaint filed: 5/26/2010 |
| | : | 2nd Amd Complaint filed: 1/14/2011 |
| Defendants. | : | |
| | : | ***Electronically Filed*** |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants The Pennsylvania State University ("Penn State" or "the University"), Zhi-Chun Lai ("Dr. Lai") and Li-Lun Ho ("Dr. Ho"), by and through their undersigned counsel, file this Brief in Support of their Motion to Compel Discovery Responses.

## I. STATEMENT OF FACTS.

Plaintiff Yan Yan initiated this civil action by filing a Complaint on January 26, 2010. (Doc. 1). Ms. Yan subsequently filed an Amended Complaint on May 26, 2010 (Doc. 16).[1] After this Court ruled on Defendants' Motion for Partial Dismissal, Ms. Yan filed a Second Amended Complaint on January 14, 2011. (Doc. 33). Defendants filed an Answer to Plaintiff's Second Amended Complaint on January 27, 2011 (Doc. 38). Subsequently, this Court granted Ms. Yan's initial counsel leave to withdraw and allowed Ms. Yan thirty days in which to secure new counsel. (Doc. 39).

On March 3, 2011, Defendant served Plaintiff with written discovery requests including Interrogatories and Requests for Production of Documents. (Doc. 55-3). Because of health issues involving Ms. Yan's new counsel and referral of the case to mediation, Defendants allowed Ms. Yan multiple extensions of time in which to respond to the outstanding discovery requests. By email dated September 28, 2011 from defense counsel to Plaintiff's attorney, Defendants indicated that they expected responses to their outstanding discovery requests within 30 days, after which they intended to schedule the depositions of Ms. Yan and her husband. (Doc. 55-4).

---

[1] All references to "Doc. __" are to the Court's ECF docketing system.

To date, Ms. Yan has failed to provide any response to Defendants' discovery requests. The parties have agreed to set a discovery deadline in this case for March 30, 2012. Until they receive full, complete and verified responses to the outstanding discovery requests, Defendants are unable to take depositions of Plaintiff, Plaintiff's spouse, and any other witnesses identified by Plaintiff as having knowledge of relevant information with respect to her claims. It is imperative that Plaintiff provide full and verified responses to Defendants' outstanding discovery requests so that discovery may be completed within the current discovery deadline. Plaintiff's attorney indicated his concurrence in this motion in a case management conference with the Court on November 23, 2011.

For these reasons, Defendants request that this Court order Plaintiff to provide full, complete and verified responses to Defendants' First Set of Interrogatories and First Request for Production of Documents within twenty (20) days of the Court order.

## II. STATEMENT OF QUESTION INVOLVED.

Should this Court grant Defendants' Motion to Compel Discovery and require Plaintiff to provide full, complete and verified responses to Defendant's First Set of Interrogatories and First Request for Production of Documents within twenty days of the Court order?

(Suggested answer in the affirmative.)

## III. ARGUMENT.

In her Second Amended Complaint, Plaintiff sets forth four different causes of action against Defendants. In their pending discovery requests, Defendants seek to understand the factual basis, if any, for Plaintiff's claims and any damages resulting therefrom.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The discovery rules are to be liberally construed in favor of the party seeking discovery. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947). Apart from any objections, Rule 33(b)(3) specifically requires that a party answer "[e]ach interrogatory…separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). A party may file a motion to compel discovery where the opposing party either fails to answer an interrogatory submitted under Rule 33 or provides an evasive or incomplete answer or response

to discovery. Fed.R.Civ.P. 37(a)(3)(B) and (a)(4).

Although the parties attempted mediation on September 27, 2011, they were unsuccessful. Defendants made it clear by written correspondence the next day that they expected responses to their initial discovery requests within 30 days. (Doc. 55-4). As of the date of Defendants' Motion to Compel, Plaintiff has failed to provide any response to Defendants' discovery requests, which were served in March 2011. Defendants are entitled to full and complete responses to their discovery requests in order to prepare for depositions of Plaintiff and her witnesses and for any dispositive motion in this case.

This case has been pending for nearly two years. Defendants served discovery requests on Plaintiff over eight months ago. Any further delay by Plaintiff in responding to Defendants' outstanding discovery requests will prejudice Defendants and their ability to prepare a defense. Defendants request that this Court immediately order Plaintiff to provide full, complete and verified responses to Defendants' First Set of Interrogatories and First Request for Production of Documents.

## IV. CONCLUSION.

Based on the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Compel Discovery Responses and compel Plaintiff to provide full, complete and verified discovery responses to Defendants' First Set of Interrogatories and First Request for Production of Documents within twenty days of the Court's Order.

Respectfully submitted,

McQUAIDE BLASKO

Dated: November 23, 2011

By: s/Katherine M. Allen

Katherine M. Allen, Esquire
I.D. No. 77676
kmallen@mqblaw.com
811 University Drive
State College, PA 16801
(814) 238-4926
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| v. | : | Judge John E. Jones, III |
| | : | |
| PENN STATE UNIVERSITY, ZHI-CHUN LAI, and LI-LUN HO, | : | Complaint filed: 1/26/2010 |
| | : | Amended Complaint filed: 5/26/2010 |
| | : | 2ND Am Complaint filed: 1/14/2011 |
| Defendants. | : | |
| | : | ***Electronically Filed*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Brief in Support of its Motion to Compel Discovery in the above-captioned matter was served electronically via ECF this 23rd day of November, 2011, to the following attorney of record:

David M. Koller, Esquire
Koller Law, PC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com

McQUAIDE BLASKO

By: s/Katherine M. Allen
Katherine M. Allen, Esquire
I.D. No. 77676
811 University Drive
State College, PA 16801
(814) 238-4926
Attorneys for Defendants