IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | Case No. 4:10-CV-00212 |
| Plaintiff, | : | |
| v. | : | Judge John E. Jones, III |
| | : | |
| PENN STATE UNIVERSITY, ZHI- | : | Complaint filed:  1/26/2010 |
| CHUN LAI, and LI-LUN HO, | : | Amended Complaint filed: 5/26/2010 |
| | : | 2nd Amd Complaint filed: 1/14/2011 |
| Defendants. | : | |
| | : | *Electronically Filed* |

## CONFIDENTIALITY STIPULATION

Plaintiff Yan Yan (hereinafter "Plaintiff") and Defendants The Pennsylvania State University, Zhi-Chun Lai and Li-Lun Ho (hereinafter "Defendants"), by and through their counsel, hereby covenant and agree to the terms and conditions set forth herein, intending to be legally bound thereby.

WHEREAS, in the course of this proceeding, Defendants may disclose, either voluntarily or pursuant to legal process, documents and information to which Plaintiff would not be entitled absent this litigation;

WHEREAS, said documents and information may include references to educational documents, research topics, personnel matters, Penn State's internal operations and other confidential matters; and

WHEREAS, the parties intend, as set forth herein, to allow Plaintiff to make appropriate use of said documents and information in the course of this litigation, but to otherwise prohibit them or their agents from discussing, disclosing or revealing said documents or information.

NOW, THEREFORE, the parties hereby agree as follows.

1.     Plaintiff acknowledges that certain educational documents related to the claims and defenses in this case may be subject to the Family Educational Rights and Privacy Act ("FERPA") and that Defendants' response to any request for such documents may be limited by the requirements of FERPA.  Plaintiff hereby consents to Defendants' production of any of her educational records for purposes of this litigation.

2.     If Defendants believe that a document contains Confidential Information, then Defendants shall stamp the document "CONFIDENTIAL." Only documents bearing the "CONFIDENTIAL" designation shall be deemed CONFIDENTIAL INFORMATION and subject to the provisions of this Stipulation.  Transcripts of deposition or trial testimony will be marked "CONFIDENTIAL" by the Court reporter at the request of any party hereto.

3. CONFIDENTIAL INFORMATION may be disclosed by Plaintiff and Plaintiff's counsel only to:

   a) Plaintiff's expert(s),

   b) Secretaries, paralegals, associates or assistants of Plaintiff's counsel and/or of Plaintiff's expert(s) when working under the direct supervision of said counsel or expert(s) and when such disclosure is reasonably necessary to the preparation for trial or the trial of this case, and

   c) Court personnel including, but not limited to, stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial.

4. CONFIDENTIAL INFORMATION produced in this action, including transcripts and exhibits, that is presented to or filed with the Court shall be submitted under seal, unless the parties otherwise agree or the Court otherwise orders.

5. The use at trial and admission into evidence of CONFIDENTIAL INFORMATION shall be subject to the Court's control in accordance with generally applicable rules of evidence.

6. Except as set forth above, no CONFIDENTIAL INFORMATION shall be disclosed by any person to whom it has been furnished, absent the written

permission of Defendants, or permission of the Court after the filing of an appropriate motion, and pursuant to the entry of an order.

7. The parties agree that at the conclusion of this litigation, all CONFIDENTIAL INFORMATION provided by Defendants and in the possession of Plaintiff, her attorneys or agents, shall be returned to Defendants or destroyed.

8. Plaintiff's counsel will advise Plaintiff of her obligations under this Stipulation, and will likewise advise Plaintiff's expert(s) and secretaries, paralegals, associates or assistants to whom CONFIDENTIAL INFORMATION is disclosed, of their obligations under the Stipulation.

9. Should any party object to the confidential status of material produced or designated by any person, including transcripts and exhibits, such material shall, until further order of this Court, be treated as CONFIDENTIAL INFORMATION in accordance with the provisions of this Stipulation and Order.

10. Should a party object to the confidential status of material produced or designated as CONFIDENTIAL INFORMATION, including transcripts and exhibits, and should such party fail to informally resolve such dispute with the person producing or designating such CONFIDENTIAL INFORMATION, then and in that event such party may submit its dispute to this Court for resolution. The opposing party shall have 15 days, or such longer time as the Court may order, to respond to such submission. Nothing herein shall be deemed to waive or

limit any party's assertion or objection to the classification of documents or information as CONFIDENTIAL INFORMATION.

11. This Stipulation shall remain in force and effect unless and until modified, superseded, or terminated by written consent of the parties or by Order of the Court made upon motion, with notice to the opposing party.

12. The parties agree that this Stipulation shall, within ten (10) days of the execution hereof, be presented to the Court for approval in the form of an Order, a copy of which is attached hereto.

NOW, THEREFORE, the parties, by their counsel, agree to the above terms.

| | |
|---|---|
| s/Katherine M. Allen | s/David M. Koller |
| Katherine M. Allen, Esquire | David M. Koller, Esquire |
| McQuaide Blasko, Inc. | Koller Law, P.C. |
| 8ll University Drive | 2043 Locust Street, Suite IB |
| State College, PA  16801 | Philadelphia, PA, 19103 |
| Attorneys for Defendants | Attorneys for Plaintiff |
| | |
| Date: February 29, 2012 | Date: February 29, 2012 |