275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

H
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Third Circuit LAR, App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)

United States Court of Appeals,
Third Circuit.
Edwin S. BELL, Appellant
v.
CITY OF PHILADELPHIA; Lynne Abraham, in her Official as the Philadelphia District Attorney; Arnold H. Gordon, First Assistant District Attorney, in his Official and Individual Capacities; Albert J. Toczydlowki, Deputy District Attorney, in his Official and Individual Capacities; Lee Kaplan, Assistant District Attorney, in his Official and Individual Capacities; Rachel Kimmich, Human Resources Director, in her Official and Individual Capacities.

No. 06-3960.
Submitted Under Third Circuit LAR 34.1(a) Dec. 7, 2007.
Filed: April 23, 2008.

**Background:** Employee, an African-American male who worked for Philadelphia District Attorney's (DA's) Office for nine years until his termination, brought suit against City of Philadelphia and various supervisory officials at DA's office, alleging claims of gender discrimination, race discrimination, and retaliation under Title VII, Pennsylvania Human Relations Act (PHRA), and § 1983. Employee also claimed he was retaliated against for exercising his First Amendment rights of free speech and free association, and attempted to add right to petition-based component to claim. The United States District Court for the Eastern District of Pennsylvania, Jacob P. Hart, United States Magistrate Judge, granted summary judgment to defendants on First Amendment retaliation claims and entered judgment on jury verdict for defendants on claims under Title VII and PHRA. Employee appealed.

**Holdings:** The Court of Appeals, Chagares, Circuit Judge, held that
(1) employee's speech was not a "matter of public concern" protected by First Amendment from retaliation;
(2) as for freedom of association claim, employee also failed to show his associational activity was a substantial or motivating factor in adverse employment decisions alleged;
(3) employee could not raise right to petition component of First Amendment retaliation claim for the first time in response to summary judgment motion;
(4) jury instruction on retaliation claims was not plainly erroneous;
(5) Magistrate Judge did not abuse his discretion in declining employee's proposed respondeat superior charge; and
(6) Magistrate Judge's discovery rulings did not interfere with substantial right of employee or result in fundamental unfairness.

Affirmed.

West Headnotes

**[1] Constitutional Law 92 🔑1929**

92 Constitutional Law
  92XVIII Freedom of Speech, Expression, and Press
    92XVIII(P) Public Employees and Officials
      92k1929 k. Public or private concern; speaking as "citizen". Most Cited Cases

**Officers and Public Employees 283 🔑66**

283 Officers and Public Employees
  283I Appointment, Qualification, and Tenure
    283I(G) Resignation, Suspension, or Remov-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:10-cv-00212-JEJ   Document 70-2   Filed 05/01/12   Page 2 of 6

Page 2

275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

al
            283k66 k. Grounds for removal or other adverse action. Most Cited Cases

Public employee's speech was not on a "matter of public concern" protected by First Amendment from retaliation; employee's complaints sought not to expose discriminatory or harassing practices or policies but were solely about his own "abuse" and mistreatment by superiors and coworkers, especially given that they arose only after employee's discipline for his own workplace infractions and amid clear evidence of his insubordination. U.S.C.A. Const.Amend. 1.

**[2] Constitutional Law 92 1446**

92 Constitutional Law
    92XVI Freedom of Association
        92k1446 k. Public employees and officials. Most Cited Cases

**Officers and Public Employees 283 66**

283 Officers and Public Employees
    283I Appointment, Qualification, and Tenure
        283I(G) Resignation, Suspension, or Removal
            283k66 k. Grounds for removal or other adverse action. Most Cited Cases

Disciplined and terminated public employee who claimed he was retaliated against, in violation of First Amendment, after telling his supervisors that he had associated with counsel failed to show that his associational activity was a substantial or motivating factor in adverse employment decisions he alleged. U.S.C.A. Const.Amend. 1.

**[3] Federal Civil Procedure 170A 851**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak851 k. Form and sufficiency of amendment. Most Cited Cases

Plaintiff may not amend his complaint through arguments in his brief in opposition to motion for summary judgment.

**[4] Federal Courts 170B 630.1**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
            170BVIII(D)2 Objections and Exceptions
                170Bk630 Instructions
                    170Bk630.1 k. In general. Most Cited Cases

Jury instructions would be reviewed on appeal for plain error, where appellant failed to object to those instructions at trial.

**[5] Federal Civil Procedure 170A 2174**

170A Federal Civil Procedure
    170AXV Trial
        170AXV(G) Instructions
            170Ak2174 k. Applicability to pleading and evidence. Most Cited Cases

Instructions must be predicated on evidence presented at trial.

**[6] Federal Courts 170B 822**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk822 k. Conduct of trial in general. Most Cited Cases

Decision whether a litigant has produced sufficient evidence to warrant a requested instruction is reviewed for abuse of discretion.

**[7] Civil Rights 78 1556**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1556 k. Instructions. Most Cited Cases

Magistrate Judge did not abuse his discretion in declining terminated city employee's proposed respondeat superior charge, as employee failed to de-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

velop sufficient evidence that people who influenced or participated in decision to terminate him exhibited discriminatory animus.

**[8]** United States Magistrates 394 ⚷17

394 United States Magistrates
    394k15 Particular Types of Rulings
        394k17 k. Pretrial matters; discovery. Most Cited Cases

**United States Magistrates 394 ⚷20**

394 United States Magistrates
    394k18 Particular Types of Cases
        394k20 k. Civil rights cases. Most Cited Cases

Magistrate Judge's discovery rulings in former District Attorney's (DA's) Office employee's discrimination case, denying his motions to compel DA's deposition and to compel discovery, did not interfere with a substantial right of employee or constitute gross abuse of discretion resulting in fundamental unfairness in trial of case.

***158** On Appeal from the United States District Court for the Eastern District of Pennsylvania (No. 05-cv-04433), Trial Judge: Hon. Jacob P. Hart, Magistrate Judge.Dena B. Calo, Nancy C. Demis, Gallagher, Schoenfeld, Surkin, Chupein & Demis, Media, PA, for Appellant.

Craig R. Gottlieb, City of Philadelphia Law Department, Philadelphia, PA, Karen A. Brancheau Jordan, Office of District Attorney, Philadelphia, PA, for Appellees.

Before: McKEE, CHAGARES, and HARDIMAN, Circuit Judges.

    ***159** OPINION OF THE COURT
CHAGARES, Circuit Judge.
    ****1** Plaintiff Edwin Bell appeals from the Magistrate Judge's grant of summary judgment on his First Amendment retaliation claims, and from the adverse jury verdict entered on his claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Pennsylvania Human Relations Act (PHRA). [FN1] As Bell's appeal is without merit, we will affirm both judgments entered by the Magistrate Judge.

    FN1. The parties consented to having the case tried by Magistrate Judge Jacob P. Hart.

    I.

As we write mainly for the parties, we only briefly recite the facts. Edwin Bell is an African-American male who worked for the Philadelphia District Attorney's Office (DA's Office) for nine years. After a history of workplace incidents that resulted in his discipline and eventual termination, Bell brought suit against the City of Philadelphia and various supervisory individuals at the DA's Office. Bell alleged claims of gender discrimination, race discrimination, and retaliation under Title VII, the PHRA, and 42 U.S.C. § 1983.[FN2] He also claimed that the defendants "retaliat[ed] against him for exercising his rights of Free Speech and Free Association," (Compl.¶ 62), and attempted to add a right to petition-based component to this claim in response to defendants' motion for summary judgment. Bell assigns error to the following five actions taken by the Magistrate Judge: (1) granting summary judgment as to his First Amendment claims; (2) improperly instructing the jury on the scope of impermissible retaliatory conduct; (3) failing to provide jury instructions regarding defendants' respondeat superior liability; (4) denying his motion to compel the deposition of District Attorney Lynne Abraham; and (5) denying his motion to compel discovery.

    FN2. Bell, however, does not appeal his 42 U.S.C. § 1983 claim, nor does he challenge the gender or race discrimination components of his PHRA and Title VII claims.

    II.
[1] To begin with, the Magistrate Judge prop-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

erly granted summary judgment to the defendants on all three of Bell's First Amendment retaliation claims. First, Bell's free speech retaliation claim fails as the speech he claims was protected was not a "matter of public concern." *See Sanguigni v. Pittsburgh Bd. of Pub. Educ.,* 968 F.2d 393, 399 (3d Cir.1992).<sup>FN3</sup> Bell's complaints-which sought not to expose discriminatory or harassing practices or policies at the DA's Office, but complained solely about his own "abuse" and mistreatment by superiors and co-workers-were not a matter of public concern, especially given that they arose only after Bell's discipline for his own workplace infractions and amid clear evidence of his insubordination. *See Connick v. Myers,* 461 U.S. 138, 147-48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) ("[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review **\*160** the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.").

> FN3. We follow a three-part test in evaluating claims that one's freedom of speech has brought about retaliation. *See McGreevy v. Stroup,* 413 F.3d 359, 364 (3d Cir.2005). Under this test, Bell was required to show: (1) that his speech addressed a matter of public concern; (2) that his interest in the speech outweighs the state's countervailing interest as an employer in promoting workplace efficiency and avoiding workplace disruption; and (3) that the protected activity was a substantial or motivating factor in the alleged retaliatory action. *Id.*

[2] Bell's freedom of association claim-that he was retaliated against after telling his supervisors that he had associated with counsel-however, is less straightforward. *See Sanguigni,* 968 F.2d at 400 (noting that the circuits are split as to whether the public concern requirement applies to freedom of association claims). Regardless, just as in *Sanguigni,* as Bell's associational claim is barely an extension of his free speech claim, we have no problem applying the public concern requirement in this context. *See id.* ("We hold only that *Connick* governs Sanguigni's freedom of association claim because that claim is based on speech that does not implicate associational rights to any significantly greater degree than the employee speech at issue in *Connick.*"); *see also Dible v. City of Chandler,* 502 F.3d 1040, 1050 (9th Cir.2007) (explaining that a government employee cannot "resurrect fallen speech claims as privacy and associational claims"). Moreover, even if the public concern standard did not apply, Bell has necessarily failed to show that his associational activity was a substantial or motivating factor in the adverse employment decisions he alleges. The jury found specifically that Bell's protected activity was not a motivating factor in the discipline he received. Appendix (App.) 2966. Thus, even if the Magistrate Judge erred in preventing this issue from going to trial, "it would be futile to remand the [ ] claim to allow a fact-finder to make the same decision twice" and thus any error would be harmless. *Caver v. City of Trenton,* 420 F.3d 243, 265 (3d Cir.2005); *see Hopp v. City of Pittsburgh,* 194 F.3d 434, 442 (3d Cir.1999).

**\*\*2** [3] Moving then to the right to petition component of Bell's First Amendment retaliation claim, he maintains that he was retaliated against for pursuing his harassment claims. The defendants, however, correctly note that while Bell's complaint mentioned his speech and association claims, it neglected to mention any claim based on his right to petition. Only in response to defendants' motion for summary judgment did Bell first raise this claim. A plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chi.,* 82 F.3d 776, 781 (7th Cir.1996); *see Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir.2004) ("At the summary judgment stage, the proper procedure for plaintiffs to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 4:10-cv-00212-JEJ   Document 70-2   Filed 05/01/12   Page 5 of 6

Page 5

275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a)."). Moreover, as noted above, even if we were to address the merits of this claim, as the jury already decided that Bell's protected activity was not a motivating factor in the employment decisions he alleged, any error on this issue would be harmless as well. Accordingly, we will affirm the Magistrate Judge's ruling.

### III.

Bell also contests the jury instruction on the retaliation claims that went to trial. According to Bell, the Magistrate Judge gave an impermissibly narrow instruction on what constitutes retaliatory activity and failed to have the jury consider whether "a reasonable person in plaintiff's shoes" would believe that the employer took materially adverse actions directed at Bell.

[4][5] As a preliminary matter, Bell failed to present this argument at trial, and thus, we review the jury instructions for plain error. *See Collins v. Alco Parking Corp.,* 448 F.3d 652, 655 (3d Cir.2006). While Bell correctly notes that Title VII's anti-retaliation provision protects more than just the terms and conditions of employment,***161** he fails to acknowledge that only materially adverse conduct may serve as the predicate for a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). Yet Bell's claims-aside from those involving discipline or termination-fail to meet this threshold. For example, Bell contends that his own complaints of discrimination were not investigated: "[y]et, he, himself told [the Human Resources Manager] that he did not want to file any type of complaint and would handle it himself." (Mem. and Order in Resp. to Pl.'s Mot. for a New Trial 10, August 1, 2006). Indeed, "[p]laintiff's own arguments focused almost entirely on the discipline he received allegedly in response to engaging in protected activity." *Id.* at 8. It is well-established that instructions must be predicated on the evidence presented at trial. *See Smith v. Ellerman Lines, Ltd.,* 247 F.2d 761, 766 (3d Cir.1957) (*citing Decker v. Korth,* 219 F.2d 732, 738 (10th Cir.1955)). As the evidence in this case that was sufficient to serve as a basis for a Title VII retaliation claim concerned Bell's discipline and termination, the Magistrate Judge did not plainly err in charging the jury consistent with the evidence presented. So too, the Magistrate Judge properly recognized that the "reasonable employee" standard is an objective standard and instructed the jury accordingly. We will affirm the Magistrate Judge on this issue as well.

### IV.

**\*\*3** [6][7] Bell's next main contention is that the Magistrate Judge erred in declining Bell's proposed respondeat superior charge. The decision whether a litigant has produced sufficient evidence to warrant a requested instruction is reviewed for abuse of discretion. *Tormenia v. First Investors Realty Co., Inc.,* 251 F.3d 128, 136 (3d Cir.2000). As Bell failed to develop sufficient evidence that the people who influenced or participated in the decision to terminate him exhibited discriminatory animus, the Magistrate Judge did not abuse his discretion. *Cf. Abramson v. William Paterson College of New Jersey,* 260 F.3d 265 (3d Cir.2001) (holding that plaintiff produced sufficient evidence to preclude summary judgment where her supervisors' continued discriminatory comments demonstrated ongoing antagonism).

### V.

[8] Bell's final claim is that the Magistrate Judge erred by denying him access to critical documents and depositions that would have assisted in the development and proof of his retaliation case. To overturn the Magistrate Judge's discovery rulings, we must conclude that they "interfere[d] with a substantial right [of the plaintiff]" or "[constituted] a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Marroquin-Manriquez v. Immigration & Naturalization Serv.,* 699 F.2d 129, 134 (3d Cir.1983). As the Magistrate Judge properly weighed the defendants' privacy concerns against Bell's broad requests

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.)))**

for confidential employee information, his decision neither interfered with a substantial right of Bell's nor resulted in fundamental unfairness.

### VI.

For the foregoing reasons, we will affirm the decisions of the Magistrate Judge.

C.A.3 (Pa.),2008.
Bell v. City of Philadelphia
275 Fed.Appx. 157, 2008 WL 1813163 (C.A.3 (Pa.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.