## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | |
| | : | |
| Plaintiff, | : | No. 4:10-CV-212 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PENN STATE UNIVERSITY, ZHI-CHUN LAI, and LI-LUN HO, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### August 28, 2012

Presently pending before the Court is the Motion for Extension of Time to File Notice of Appeal (doc. 89) filed by the Plaintiff, Yan Yan. With said Motion, Plaintiff seeks an extension of time to file her notice of appeal of this Court's Memorandum and Order (doc. 88) dated August 3, 2012, granting the Defendant's Motion for Summary Judgment and closing the Plaintiff's case. Plaintiff contends that her continued search for new counsel requires the Court to extend her an additional period of time to file her notice. For the reasons that follow, the Court will deny the Motion and instead construe the same as a Notice of Appeal sufficient to satisfy the requirements of Federal Rule of Appellate Procedure 3.

Federal Rule of Appellate Procedure 4, pertaining to appeals as of right,

provides that a "district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A). The Rule further provides, however, that such motion may only be granted where the movant demonstrates excusable neglect or good cause necessitating the requested extension. *Id.* The Plaintiff has not argued law or fact in her motion demonstrating either excusable neglect on the part of herself or her prior counsel nor good cause necessitating an extension of time. Therefore, the Court will deny the Plaintiff's Motion seeking the same.

However, it is noted that the Third Circuit has previously held that a denied motion for extension of time to file a notice of appeal can, in some circumstances, be construed as a notice of appeal where "satisfies the literal requirements of" Federal Rule of Appellate Procedure 3. *See Lai v. Highland Park Borough*, 271 Fed. App'x 255, 256 (3d Cir. 2008) (quoting *In re Continental Airlines*, 125 F.3d 120, 129 (3d Cir. 1997); *Masquerade Novelty v. Unique Indus.*, 912 F.2d 663, 665 (3d Cir. 1990); *Dura Sys., Inc. v. Rothbury Investments, Ltd.*, 886 F.2d 551, 554-55 (3d Cir. 1989); *In re Bertoli*, 812 F.2d 136, 138 (3d Cir. 1987)). The Plaintiff's Motion here largely complies with the requirements of Rule 3, by specifying the party taking the appeal, designating the judgment being appealed, and naming the court to which the appeal is taken, and can thus be construed as a sufficient notice

of appeal. *See* Fed. R. App. P. 3(C)(1). However, the Plaintiff has of yet failed to remit the attendant filing fee to the Clerk of Court, and thus has not yet perfected notice of appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's Motion for Extension of Time to File Notice of Appeal (doc. 89) is **DENIED**.

2. The Plaintiff's Motion for Extension of Time to File Notice of Appeal (doc. 89) shall be construed as a Notice of Appeal upon perfection of all requirements attendant thereto. To that end, the Plaintiff shall, by expiration of the appeal period on Tuesday, September 4, 2012, remit to the Clerk, United States District Court, payment in the amount of $455.00. Failure of the Plaintiff to do so will be deemed a failure to provide proper Notice of Appeal. Only upon receipt of this remittance will the Court deem the Plaintiff's Motion for Extension of Time to File Notice of Appeal (doc. 89) a perfected Notice of Appeal.

S/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge