IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN YAN, | No. 4:10-CV-00212 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENN STATE UNIVERSITY, ZHI-CHUN LAI, and LI-LUN HO, | |
| Defendants. | |

**MEMORANDUM OPINION**

**MARCH 10, 2023**

Plaintiff Yan Yan believes she was wronged. A former Ph.D. candidate at The Pennsylvania State University, she was dismissed from her doctoral program in 2008 after twice failing her comprehensive exam, a program requirement. She sued Penn State as well as her thesis advisor and a fellow Ph.D. candidate, alleging sex discrimination and retaliation. But she failed to develop in discovery an evidentiary record substantiating her allegations and supporting her claims. Accordingly, a former colleague of mine on the United States District Court for the Middle District of Pennsylvania granted summary judgment in the Defendants' favor, and the United States Court of Appeals for the Third Circuit affirmed.

That was ten years ago. Now, Yan is back, asking the Court to reopen the decade-old case based on certain "recent activities"—professional setbacks that she attributes to the "wrongs" the Defendants allegedly inflicted upon her in 2008. But

Yan's motion is well past the applicable deadline. Moreover, the recent activities do not alter or in any way affect the legal analysis underpinning the prior judgment. That analysis was right then; it remains right now. Yan's motion to reopen the case is therefore denied.

I.  **DISCUSSION**

Thirteen years ago, in January 2010, Yan sued Penn State, Dr. Zhi-Chun Lai, and Li-Lun Ho based on her dismissal from Penn State's Cell and Developmental Biology Graduate Program ("CDB Program").[1] Yan amended her complaint twice and then proceeded to discovery with four causes of action: (1) sex discrimination – hostile work environment, in violation of Title IX;[2] (2) sex discrimination – retaliation, in violation of Title IX;[3] (3) retaliation, in violation of the First Amendment;[4] and (4) discrimination, in violation of the Equal Protection Clause.[5]

According to Yan, between June 2007 and August 2008, she was a Ph.D. candidate in the CDB Program working under the direction of Dr. Lai, a professor at Penn State who served as Yan's thesis advisor and oversaw the laboratory in which she worked.[6] Yan alleged that during her time in the CDB Program, one of her fellow Ph.D. candidates—Ho, the senior member of Dr. Lai's lab—harassed

---

[1] *See* Doc. 1 (Compl.).
[2] Doc. 33 (Second Am. Compl.) ¶¶ 36–43 (Count I).
[3] *Id.* ¶¶ 44–52 (Count II).
[4] *Id.* ¶¶ 53–61 (Count III).
[5] *Id.* ¶¶ 62–65 (Count IV).
[6] *Id.* ¶¶ 9–11, 35.

her because she was a woman.[7] Yan claimed that although the harassment "at first was subtle," it ultimately resulted in an accident that "significant[ly]" injured her hand, impairing her ability to perform her Ph.D. work.[8] In response, Yan filed a complaint with the Penn State Police Services, which referred it to the University's Judicial Affairs Office.[9] And after investigating the matter, the Judicial Affairs Office issued an administrative directive to both Yan and Ho, instructing them not to have contact with each other.[10]

Several months later, Yan sat for her comprehensive examination—a requirement for earning a Ph.D. degree in the CDB Program that consisted of a written thesis followed by an oral defense before the Penn State faculty members comprising the Ph.D. candidate's doctoral committee.[11] Dr. Lai and the other members of Yan's doctoral committee voted unanimously that she failed to pass the examination, and they declined to give her an opportunity to retake it.[12] Yan appealed the decision and was ultimately allowed to retake the exam in August of

---

[7]  *Id.* ¶ 12.
[8]  *Id.* ¶¶ 12, 14–19.
[9]  *Id.* ¶ 20; *see also* Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 54–55.
[10] *See* Doc. 31 (Second Am. Compl.) ¶ 20; Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 56–59.
[11] *See* Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 10–11, 67–68; Doc. 31 (Second Am. Compl.) ¶ 24.
[12] *See* Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 79–80; Doc. 31 (Second Am. Compl.) ¶ 30.

that year.[13] But she did not appear for her second comprehensive exam.[14] As such, her doctoral committee failed her a second time, and she was then terminated from the CDB Program.[15]

In May 2012, after the parties completed discovery, the Defendants moved for summary judgment, seeking dismissal of all four counts.[16] And that August, my former colleague, the Honorable John E. Jones III, who was then assigned the case, granted the Defendants' motion in its entirety and entered judgment in their favor.[17] Judge Jones explained that Yan "failed to put before the Court *any* record evidence substantiating her claims," instead relying on "her own interrogatory responses and . . . her [Second] Amended Complaint to support every relevant factual allegation."[18] Judge Jones admonished Yan that she "may not simply rest on her laurels once litigation has progressed to the summary judgment phase; she must demonstrate to the Court that a factual basis exists from which a reasonable jury could find in her favor"—an obligation she "utterly failed" to meet.[19]

---

[13] *See* Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 84–98; Doc. 31 (Second Am. Compl.) ¶¶ 33–35.
[14] *See* Doc. 68 (Defendants' Statement of Material Facts) ¶ 101; Doc. 31 (Second Am. Compl.) ¶ 35.
[15] *See* Doc. 68 (Defendants' Statement of Material Facts) ¶¶ 102–103; Doc. 31 (Second Am. Compl.) ¶ 35.
[16] Doc. 67 (Defs' Mot. for Summary Judgment).
[17] Doc. 88 (Order Granting Summary Judgment).
[18] Doc. 87 (Mem. Op. Granting Summary Judgment) at 14, 31.
[19] *Id*. at 31.

In August 2012, Yan moved for reconsideration, asking Judge Jones to reassess the summary judgment motion and allow her case to proceed to trial.[20] That motion was denied.[21]

Yan then appealed Judge Jones's summary judgment ruling to the Third Circuit.[22] In a non-precedential opinion dated June 18, 2013, a Third Circuit panel found that "a grant of summary judgment was warranted," as "there was an absence of evidence to support Yan's case."[23]

Much has happened in the ten years since the Clerk of Court closed this case. Indeed, Yan initiated four subsequent lawsuits against Penn State, all concerning her failure to obtain a Ph.D.[24] They proved unsuccessful.[25] But through all that time, this case remained dormant.

Until now. In January 2023, Yan contacted the Clerk and asked to have this matter reopened.[26] According to Yan, there have been certain "recent activities of

---

[20] Doc. 92 (Mot. for Reconsideration).
[21] Doc. 95 (Order Denying Mot. for Reconsideration).
[22] *See* Doc. 97 (Notice of Appeal).
[23] *Yan Yan v. Penn State University*, 529 F. App'x 167, 170 (3d Cir. 2013) (per curiam). Yan sought to appeal this ruling, but the Supreme Court of the United States denied her petition for writ of certiorari. *See Yan v. Penn State University*, 134 S.Ct. 2311 (2014).
[24] The Court takes judicial notice of Yan's four subsequent lawsuits: *Yan Yan v. Pennsylvania State University*, No. 4:16-CV-2559 (M.D. Pa.) (dismissed with prejudice on Nov. 29, 2018); *Yan v. Penn state University*, No. 151104285 (Phila. Ct. Com. Pl) (judgment of non pros entered on July 11, 2016); *Yan Yan v. Pennsylvania State University*, No. 4:14-CV-1590 (M.D. Pa.) (dismissed with prejudice on Sept. 1, 2015); *Yan Yan v. Pennsylvania State University*, No. 4:14-CV-1373 (M.D. Pa.) (dismissed with prejudice on June 29, 2015).
[25] *Id.*
[26] *See* Doc. 99 (Mot. to Reopen).

this litigation" that necessitate a reconsideration of her claims.[27] Specifically, Yan asserts that in December 2022, she was "denied a Medical Education at Parkinson's Foundation" and "a grant for Community Clinics by Parkinson's Foundation."[28] She believes that she deserves an award consisting of the following:

- one million dollars "daily per denied degree";
- one to two million dollars per year for the "loss of research/clinic fund[ing]";
- $200,000 per year for lost income;
- $100,000 per year for "immigration cost[s]"; and
- "immigration deportation cost[s]" totaling one million dollars per litigation or one petition filing every year since June 2007 until Penn State "offers [her] an M.D., a Ph.D. degree, and a tenure-track faculty and clinician job offer on the Penn State University Campus."[29]

The Court disagrees.

Although Yan offers no legal basis for her motion to reopen the case, the Court construes it as a request for relief under Federal Rule of Civil Procedure 60(b). That rule provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

(1) "mistake, inadvertence, surprise, or excusable neglect";

---

[27] *Id.* at 2.
[28] *Id.*
[29] *Id.* (cleaned up).

(2) "newly discovery evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)";

(3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party";

(4) "the judgment is void";

(5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or

(6) "any other reason that justifies relief."[30]

Notably, a motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[31] Although the Third Circuit has not provided a precise limit on what constitutes a "reasonable time," it has consistently held that Rule 60(b) motions filed two years or more after the entry of judgment are untimely.[32]

Here, the Third Circuit affirmed Judge Jones's summary judgment ruling in June 2013—nearly ten years ago. That is well past the window of time the Third

---

[30] Fed. R. Civ. P. 60(b)(1) – (6).
[31] Fed. R. Civ. P. 60(c)(1).
[32] *See, e.g.*, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (ruling that Rule 60(b) motion filed nearly two years after district court's judgment was not made within a reasonable time); *Zied v. Barnhart*, 716 F. App'x 102, 104 (3d Cir. 2017) (holding that Rule 60(b) motion filed "more than four years after" the Third Circuit affirmed the district court's dismissal of the complaint "is plainly untimely"); *Joyner v. News Journal*, 397 F. App'x 750, 751–52 (3d Cir. 2010) (holding that the plaintiff's "motion to reopen his federal discrimination suit," which was filed "[a]lmost seven years" after the Third Circuit affirmed the district court's dismissal and denied rehearing, "was not made within a reasonable time").

7

Circuit has deemed "reasonable" for purposes of relief under Rule 60(b).[33] Accordingly, Yan's motion is untimely.

Moreover, even absent its tardiness, Yan's motion is utterly without merit. Yan has not offered any evidence bearing on the prior rulings by either Judge Jones or the Third Circuit. No evidence of fraud. No evidence of mistake or excusable neglect. No newly discovered evidence relevant to those prior determinations.

Instead, she identifies only "recent activities" involving an entity unaffiliated with this case (i.e., the Parkinson's Foundation).[34] Even if Yan had provided evidence connecting the Parkinson Foundation's decisions denying her a "Medical Education" and a "grant for Community Clinics" to her prior dismissal from the CDB Program at Penn State (which she has not),[35] it would be of no consequence. Because Yan had no actionable claim against the Defendants concerning her dismissal in 2008, any subsequent repercussions from that 2008 dismissal are likewise not actionable. And the emergence of such subsequent repercussions does not change the calculus driving those earlier rulings. In short, the "recent activities" Yan highlights are not the type of "injustice[s]" that necessitate relief under Rule 60.[36]

---

[33] *See id.*
[34] Doc. 99 (Mot. to Reopen) at 2.
[35] *Id.*
[36] *See United States v. Beggerly*, 524 U.S. 38, 46 (1998) ("Independent actions must . . . be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross

## II.     CONCLUSION

For the past thirteen years, Yan has pursued Penn State in court, seeking renumeration for her dismissal from one of the University's doctoral programs. Her efforts have been roundly rejected. Indeed, her claims in this case failed to survive summary judgment ten years ago. She now asks this Court to reopen the case. But that request is both untimely and without merit. Yan's motion is therefore denied, and the case remains closed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

to demand a departure from rigid adherence to the doctrine of res judicata.") (internal quotations omitted).